IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHAQUILA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-201 |
| | ) | |
| BURLINGTON COAT FACTORY | ) | |
| WAREHOUSE CORPORATION; | ) | |
| ABC CORPORATION #1-3; and | ) | |
| JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 23.) The Magistrate Judge recommended remanding the case because Defendants failed to provide sufficient evidence the jurisdictional amount is in controversy. (See doc. no. 18.) Defendants object for multiple reasons, but only the issue of whether consideration of punitive damages and attorney's fees pushes the case past the jurisdictional threshold merits additional comment. (Doc. no. 23, pp. 4-9.)

Defendant's reliance on Holley Equipment Co. v. Credit Alliance Corp., 821 F.2d 1531 (11th Cir. 1987) (*per curiam*), for the proposition Plaintiff's non-specific request for punitive damages and attorney's fees establish satisfaction of the jurisdictional amount is misplaced. In Holley Equipment, the plaintiff sought actual and punitive damages in excess

of $10,000, the jurisdictional requirement at the time, with respect to the sale of a crane. 821 F.2d at 1533, 1535. In reviewing the record before it at the summary judgment stage, the court determined the plaintiff "could not recover punitive damages as a legal certainty." Id. at 1535. Here, however, the Court is reviewing the jurisdictional question at the time of removal of a slip and fall case because Plaintiff has *not* specifically sought damages in excess of the jurisdictional amount. No determination has been, or need be, made about the availability of punitive damages, but neither can the Court engage in pure speculation to assign a number to such potential damages to satisfy the jurisdictional amount. As other courts have recognized, an allegation of punitive damages does not amount to a *de facto* satisfaction of the amount in controversy, as "there is nothing talismanic about such a demand that would *per se* satisfy the amount-in-controversy requirement and trigger federal subject-matter jurisdiction." Rachel v. PNC Bank, NA, Civ. Act. No. 16-00351, 2017 WL 1362034, at *10 (S.D. Ala. Apr. 10, 2017) (citations omitted).

As to attorney's fees, Defendants have introduced no evidence as to the basis for such an award or what a reasonable amount would be. "[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000). Under Georgia law, attorney's fees are recoverable where a defendant has acted in bad faith, been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. O.C.G.A § 13-6-11. No one has explained why Defendants' conduct in this litigation would trigger recovery under § 13-6-11, or otherwise provided any information about an amount of accrued or potential attorney fees.

In sum, the Court **OVERRULES** all objections. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **REMANDS** this case, without any additional conditions related to the amount of damages sought by Plaintiff, to the State Court of Richmond County, Georgia, Civil Action File Number 2025RCSC00365, for lack of subject-matter jurisdiction, **DIRECTS** the **CLERK** to **TERMINATE** all pending motions, and **CLOSES** this civil action.

SO ORDERED this _16th_ day of October, 2025, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA